UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY PRESTON, #235170,

        Petitioner,        Case No. 22-cv-11242
                                   HON. BERNARD A. FRIEDMAN

v.

MIKE BURGESS,

        Respondent.
_____/

**ORDER TRANSFERRING SUCCESSIVE HABEAS CORPUS PETITION
TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Harvey Preston, a prisoner in the custody of the Michigan Department of Corrections, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his convictions for carjacking, first-degree home invasion, unarmed robbery, and second-degree criminal sexual conduct.

For the reasons explained below, the Court will transfer the petition to the Sixth Circuit Court of Appeals as a successive petition.

## I. Background

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted as set forth above and sentenced as a second habitual offender to concurrent prison terms of 30 to 60 years for the carjacking conviction, 15 to 30 years for the home invasion conviction, and 15 to 22-½ years each for the unarmed robbery and criminal sexual conduct convictions. *See People v. Preston*, No. 298796, 2012 WL 5853223, at *1 (Mich. Ct. App. Oct. 30, 2012), lv. den. 493 Mich. 969 (Apr. 29, 2013).

In 2014, Petitioner filed a petition for habeas corpus relief challenging these convictions. The petition was denied on the merits. *See Preston v. Gidley*, No. 14-10606, 2017 WL 4572336 (E.D. Mich. Oct. 12, 2017). The Court denied reconsideration and a certificate of appealability. *See Preston v. Gidley*, 2017 WL 11496896 (E.D. Mich. Nov. 30, 2017). The Sixth Circuit Court of Appeals also denied a certificate of appealability, *see Preston v. Smith*, No. 17-2389, 2018 WL 2222599 (6th Cir. April 25, 2018), and the United States Supreme Court denied certiorari. *See Preston v. Smith*, ⎯⎯ U.S. ⎯⎯, 139 S. Ct. 431 (2018). The Sixth Circuit Court of Appeals has subsequently denied Petitioner authorization to file a second or successive federal habeas petition on at least three occasions. *See In re Preston*, No. 21-1071 (6th Cir. May 12, 2021); *In re Preston*, No. 20-1641 (6th Cir. Dec. 8, 2020); *In re Preston*, No. 18-1847 (6th Cir. Nov. 26, 2018).

A petitioner challenging a state court judgment under 28 U.S.C. § 2254 must "seek authorization in a federal appeals court before filing a 'second or successive application' in district court. 28 U.S.C. § 2244(b)(3)(A)." *In re Stansell,* 828 F.3d 412, 414 (6th Cir. 2016). A petition is "second or successive" if it challenges the same conviction(s) challenged in a prior petition and the prior petition was decided on the merits. *In re William Garner*, 612 F.3d 533, 535 (6th Cir. 2010) (citing *In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000)). A federal district court lacks jurisdiction to consider an unauthorized successive petition for habeas corpus relief. *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016).

Petitioner's earlier petition challenged the same convictions at issue in this petition and was dismissed on the merits. Petitioner did not seek preauthorization from the

2

Court of Appeals before filing this successive petition. Therefore, the petition must be transferred to the Court of Appeals pursuant to 28 U.S.C. § 1631 and *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly,

IT IS ORDERED that the Clerk of Court shall transfer this case to the United States Sixth Circuit Court of Appeals for a determination whether the Court may adjudicate the merits of this successive habeas petition.

Dated:  August 3, 2022
      Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 3, 2022.

Harvey Preston #235170
OAKS CORRECTIONAL FACILITY
1500 CABERFAE HIGHWAY
MANISTEE, MI 49660

s/Johnetta M. Curry-Williams
Case Manager

3